

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 8, 1972

Honorable Harry P. Burleigh          Opinion No. M-1157
Executive Director
Texas Water Development Board    Re:  If the Texas Water Quality
P. O. Box 13087                            Board and the Texas Water
Austin, Texas 78711                      Development Board jointly
                                                   agree to amend Section
                                                   300.1 to authorize the
                                                   purchase of Certificates
                                                   of Obligation, may such
                                                   securities be delivered by
                                                   an applicant to the Texas
                                                   Water Development Board for
                                                   cash, which transaction will
                                                   secure the maximum Federal
Dear Mr. Burleigh:                       grant?

In your opinion request you state that a city has made application to the Board for financial assistance under the provisions of subchapter I, Chapter 21, Texas Water Code, by requesting the Board to purchase its Certificates of Obligation. It is the Board's position that since the Certificates are securities other than Bonds, it is prohibited from purchasing them by Section 300.1 of the Joint Rules, Regulations, & Policies of the Texas Water Quality Board and Texas Water Development Board except under conditions that are not met by the applicant.

You have requested our opinion on whether your rules could be amended to authorize this purchase.

The Certificate of Obligation Act of 1971, Article 2368a.1, Vernon's Civil Statutes, was enacted to provide a simplified version of the Bond and Warrant Law of 1931, (Article 2368a, V.C.S.). The basic authorization of the Act, like that of the Bond and Warrant Law, is an exchange of certificates for claims of contractors incurred in the construction or acquisition of public projects.

Section 5 of Article 2368a.1 requires the claimant to elect whether to receive the Certificates themselves or under Section 5 (ii) to sell and assign them to someone else and

-5642-

receive cash.  The only times the issuer may sell the certificates for cash are those limited instances set forth in Section 7 of the Act.

A sale of the City's Certificates of Obligation to the Board for cash is therefore prohibited by Article 2368a.1, unless the proceeds are to be used for the purposes enumerated in Section 7 thereof.

If the claimant elects to assign his certificates under Section 5 (ii), can the Board purchase the assigned certificates? In our opinion, it cannot.

Section 5 (ii) states:

"or (ii) that the governing body of any issuer has made provision for the contractor to sell and assign such certificates to another..."  (Emphasis added.)

Article III, Section 9d-1(a) of the Texas Constitution is the authority for the Board to make loans of state funds for water quality enhancement and it authorizes only, "loans to political subdivisions".  This limitation is carried forward into Section 21.603 of the Water Code.  See also our opinion number M-1070 (1972) holding that financial assistance can only be given to political subdivisions.

Further evidence of the intention of the Legislature on this point is the language of Sections 21.609(h) and 21.612 of the Water Code.  These sections read as follows:

Section 21.609(h)

"The Texas Water Development Board shall establish within funds previously created appropriate accounts for separate handling of money derived from payment of interest of and principal on bonds and other obligations purchased from political sub- divisions and repayment of direct loans made to political subdivisions."  (Emphasis added.)

Section 21.612

"When bonds or other obligations are purchased... ...water quality enhancement funds shall be delivered to the political subdivisions entitled to receive

them and shall be used only to pay for construction costs of treatment works approved as provided in this subchapter..." (Emphasis added.)

In this instance the issuer is simply accomodating the contractor in securing a market for his certificates. The certificates are delivered to the contractor and title passes to him. If he elects to "sell and assign" them to another, this is a transaction by the contractor in the secondary market and any money received must be delivered to the contractor. In this case, the Board would not be purchasing the certificates from the issuer because title to the certificates would be in the contractor or claimant.

## S U M M A R Y

The Texas Water Development Board and the Texas Water Quality Board cannot amend their joint rules and regulations to authorize the purchase of Certificates of Obligation except in those instances where the proceeds are to be used for the purpose enumerated in Section 7 of Article 2368a.1, V.C.S.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Marvin F. Sentell
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Robert B. Davis
John Reeves
Roger Tyler
Roland Allen

SAMUEL D. McDANIEL
Staff Legal Assistant

Honorable Harry P. Burleigh, page 4,(M- 1157 )


ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant